UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X  Docket#
WILLIAM F. HASPER,               : 20-cv-02349-RER-LGD
                                 :
                Plaintiff,       :
                                 :
      - versus -                 : U.S. Courthouse
                                 : Central Islip, New York
COUNTY OF NASSAU et al.,         :
                                 : January 12, 2026
                Defendants       : 12:12 p.m.
------------------------------X
AJAB B. WOODSON,                 :
                                 : Docket#
                Plaintiff,       : 23-cv-06647
                                 :
      - versus -                 :
                                 :
NASSAU COUNTY CORRECTIONS        :
NYS et al.,                      :
                                 :
                Defendants       :
------------------------------X
SANDY SANCHEZ,                   :
                                 : Docket#
                Plaintiff,       : 25-cv-00372
                                 :
      - versus -                 :
                                 :
COUNTY OF NASSAU et al.,         :
                                 :
                Defendants       :
------------------------------X
```

(Continued on next page)

**Transcription Service**:   **Transcriptions Plus II, Inc.**
                        61 Beatrice Avenue
                        West Islip, New York 11795
                        RL.Transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X
MALIK COLEY,                  :
                              : Docket#
              Plaintiff,      : 25-cv-00726
                              :
     - versus -               :
                              :
COUNTY OF NASSAU et al.,      :
                              :
              Defendants      :
------------------------------X
ALEXANDER KHAYKIN,            :
                              : Docket#
              Plaintiff,      : 25-cv-01149
                              :
     - versus -               :
                              :
NASSAU COUNTY, NEW YORK et al.:
                              :
              Defendants      :
------------------------------X
LUGO SANTANA,                 :
                              : Docket#
              Plaintiff,      : 25-cv-02713
                              :
     - versus -               :
                              :
NASSAU COUNTY et al.,         :
                              :
              Defendants      :
------------------------------X
ANTNEAL MATTHEWS,             :
                              : Docket#
              Plaintiff,      : 25-cv-03113
                              :
     - versus -               :
                              :
VINCENT ARDITO et al.,        :
                              :
              Defendants      :
------------------------------X
```

(Continued on next page)

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------X
KYRONE BROYLES,                :
                               :  **Docket#**
               Plaintiff,      :  25-cv-03553
                               :
      - versus -               :
                               :
COUNTY OF NASSAU et al.,        :
                               :
               Defendants      :
------------------------------X
EDWARD KEYES,                  :
                               :  **Docket#**
               Plaintiff,      :  25-cv-05193
                               :
      - versus -               :
                               :
COUNTY OF NASSAU et al.,        :
                               :
               Defendants      :
------------------------------X

    TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCES AND
                    INITIAL CONFERENCES
            BEFORE THE HONORABLE LEE G. DUNST
               UNITED STATES MAGISTRATE JUDGE
```

**A    P    P    E    A    R    A    N    C    E    S:**


**For Plaintiff Hasper:**        **Anthony M. LaPinta, Esq.**
                                 **Michael E. Fehringer, Esq.**
                                 200 Vanderbilt Motor Parkway
                                 Suite C-17
                                 Hauppauge, NY 11788


**For Plaintiffs Sanchez:**      **Pablo A. Fernandez, Esq.**
**And Broyles:**                 Horn Wright, LLP
                                 400 Garden City Plaza, Ste 500
                                 Garden City, NY 11530


            (Appearances continue on next page)

### APPEARANCES CONTINUED

**For Plaintiff Coley**:       **Brett H. Klein, Esq.**
Brett H. Klein, Esq., PLLC
233 Broadway, Suite 1720
New York, NY 10279

**For Plaintiff Khaykin**:    **Amy L. Bellantoni, Esq.**
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583

**For Plaintiffs Santana:**    **Walter J. Thompson, Esq.**
**And Woodson**:
Thompson Law, P.C.
565 Fifth Avenue, Suite 721
New York, NY 10017

**For Plaintiff Matthews**:    **Gustave P. Passanante, Esq.**
Harfenist Kraut & Perlstein LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042

**For Plaintiff Keyes**:      **Edward Sivin, Esq.**
Sivin & Miller, LLP
20 Vesey Street, Suite 1400
New York, NY 10007

**For Defendants**:        **John P. McEntee, Esq.**
**Kathryn M. Carney Cole, Esq.**
Greenberg Traurig
900 Stewart Avenue
Garden City, NY 11530

**Mohammad Tahir, Esq.**
**Steven Dalton, Esq.**
Office of the Nassau County
Attorney
One West Street
Mineola, NY 11501

(Appearances continue on next page)

**APPEARANCES CONTINUED**

<u>For Defendants</u>:                    **Rakim Johnson, Esq.**
New York State Office of the
 Attorney General
Nassau Regional Office
200 Old Country Road, Suite 240
Mineola, NY 11501


**Alexander V. Sansone, Esq.**
245 Hillside Avenue
Williston Park, NY 11596

Proceedings

1          THE CLERK:  Calling cases 20-cv-2349, *Hasper v.*
2  *County of Nassau et al*; 23-cv-6647, *Woodson v. Nassau*
3  *County Corrections NYS et al.*; 25-cv-372, *Sanchez v.*
4  *County of Nassau et al.*; 25-cv-726, *Coley v. County of*
5  *Nassau et al.*; 25-cv-1149, *Kagen v. Nassau County New*
6  *York et al.*; 25-cv-2713, *(indiscernible) Santana v.*
7  *Nassau County et al.*; 25-cv-3113, *Matthews v.*
8  *(indiscernible) et al.;* 25-cv-3553, *(indiscernible) v.*
9  *County of Nassau et al.*; and last but not least we have
10  25-cv-5193, *Keyes v. County of Nassau et al.*

11          THE COURT:  All right.  Thank you, Ms. Tirado.
12          Mr. Sivin, I know you are on the phone.  I'm
13  just going to ask you to stay on mute but I do want you
14  to hear sort of the beginning of the conference and then
15  when I'm ready for your case, I'll turn to you.  Okay?
16  Great.  That's a thumbs up.  Thank you, sir.

17          All right, everyone.  So my intention today is
18  to address each case individually and what I'm going to
19  do is call plaintiff's counsel up into the well of the
20  court so I can expeditiously address each case.

21          I will also include in my minute order for all
22  of the cases that I'm going to be directing the Nassau
23  County Attorney's Office to order this transcript, file
24  it in the dockets on all of the cases, and I'm also going
25  to direct the attorneys who are here to provide a copy to

Proceedings

1  the Nassau County Attorney himself, Judge Thomas Adams.

2          So before I go through the nine cases before me

3  today expeditiously, I just want to say the background

4  here for where we are and why I'm conferencing nine cases

5  at the same time.

6          So all of these cases before me today involve

7  either Nassau County as a defendant, other defendants,

8  and in particular in many of these cases the Nassau

9  County Attorney's Office is representing various

10 employees of Nassau County including primarily officers

11 of the Nassau County Police Department and also Nassau

12 County Corrections officers.

13         The oldest case before me today that I've

14 called, it was filed in May of 2020 and the most recent

15 one was filed in September of 2025.  The plaintiffs in

16 all the cases before me today are currently represented

17 by their own counsel and the Nassau County defendants are

18 represented by the Nassau County Attorney's Office.

19         There is a well documented history of delays by

20 the Nassau County Attorneys Office in some of these cases

21 before me today as well as many other cases before me

22 both with represented plaintiffs and pro se's and that

23 pattern isn't limited just to me, it's also before many

24 other judges in this courthouse as well as those cases

25 that are pending before judges in the Brooklyn

Proceedings

1  courthouse.  And in my opinion it's sort of clear in the

2  docket that the primary reason for these delays is due to

3  the constant changes in the assigned Nassau County

4  Attorney on these cases, and I don't need to recount the

5  musical chairs as to who actually represents the

6  defendants in these cases and the numerous times that

7  I've had to issue orders advising the Nassau County

8  Attorney himself, Judge Adams, as well as senior

9  attorneys in the Nassau County Attorney's Office,

10  including Matthew Rozea, that they were unrepresented in

11  these cases and they needed to assign an attorney to

12  actually represent the county as well as the individual

13  defendants, police officers, and corrections officers in

14  these federal court cases.

15          On June 17, 2025 I issued an order in one of

16  the cases before me today, *Hasper v. County of Nassau*,

17  20-cv-2349.  In that order I stated as follows.

18          "The Office of the Nassau County Attorney

19  continues to ignore the undersigned's orders and

20  continues to fail to comply with discovery obligations in

21  this case.  As the Office of the Nassau County Attorney

22  knows quite well, their failure to comply with the

23  undersigned orders is not limited to this case and in

24  fact is part of a well documented pattern of abject

25  negligence and delay in many other cases which is

Proceedings

1  bordering on professional malpractice.

2         "This case was filed more than five years ago

3  and the Court will no longer tolerate the utter lack of

4  respect for court orders by the Office of the Nassau

5  County Attorney and their repeated violations of their

6  obligations under the Federal Rule of Civil Procedure 1

7  to secure the just, speedy, and inexpensive determination

8  of every action and proceeding."

9         I think I said a moment ago my order, that

10  order in *Hasper* was issued I think I said June 17th,

11  which was incorrect.  I issued that order in *Hasper* on

12  June 7, 2025.

13         Ten days later on June 17th I held a conference

14  in this case, in the *Hasper* case, as well as several

15  other cases, that was attended by various members of the

16  Nassau County Attorney's Office including Judge Adams

17  himself, as well as Mr. Rozea.  My goal there was to get

18  that case and all my other Nassau County cases back on

19  track.

20         That happened in the summer of 2025.  The cases

21  were all on track and were moving forward.

22  Unfortunately, as we got into the fall of 2025, the

23  Nassau County Attorney's Office once again failed to live

24  up to its Rule 1 obligations to move cases forward.  It

25  was missing deadlines, ignoring court orders.  And this

Proceedings

1  was due to a revolving door of attorneys from the Nassau

2  County Attorney's Office coming in and out of cases and

3  often times leaving Nassau County and the individual

4  defendants unrepresented in federal court litigation and

5  required me to chase the Nassau County Attorney's Office

6  to get an attorney assigned.

7          So my goal today is not to -- because I can

8  spend hours going through the history here, which I am

9  not going to do.  My goal today is to move these cases

10  forward consistent to the mandate in Rule 1.  Everyone is

11  entitled to the just and speedy resolution of these

12  cases.  The plaintiffs are entitled to it and the

13  defendants are entitled to it, both the County of Nassau

14  as well as the individual defendants who are members of

15  the Nassau County Police Department and Nassau County

16  corrections officers.  All these individuals and all

17  these parties are entitled to speedy resolution of their

18  cases, and the individual defendants are entitled to

19  adequate representation by the Nassau County Attorney's

20  Office.

21          To be clear, if I wasn't clear enough last

22  June, I'm going to make it even clearer now.  My patients

23  is at an end with the Nassau County Attorney's Office in

24  terms of missing deadlines, ignoring the Federal Rules of

25  Civil Procedure, ignoring court orders, and delaying

1   cases for whatever reason.

2          On September 30, 2025, I noted in an order in

3   another one of the cases here today, *Broyles v. The*

4   *County of Nassau*, 25-cv-3553, I observed in that order,

5   "The Court will no longer chase the NCAO."  Those words

6   stand today in that case and honestly in all of my cases

7   with the Nassau County Attorney's Office.

8          To be clear, if I haven't been clear enough in

9   the past, I'm going to make it even clearer now, and

10  again fortunately, I'm directing that the transcript be

11  ordered and cited in the docket in all these cases and

12  also provided to Judge Adams.  The Nassau County

13  Attorney's Office is on notice that you act at your peril

14  if you fail to comply with deadlines or seek extensions

15  and there can be repercussions for the Nassau County

16  Attorney's Office itself and also for the defendant

17  Nassau County, and also for the individual defendants if

18  the Nassau County Attorney's Office continues this

19  pattern.

20         Finally, since this was raised in several of

21  the letters that have been filed with me, and I know with

22  other judges in this courthouse, going forward I am not

23  interested in any further explanations or excuses about

24  staffing shortages at the Nassau County Attorney's

25  Office, representations which have been made to me

Proceedings

1  repeatedly over the last few months.

2          To be clear, it is not my job to tell Nassau

3  County how to expend its financial resources on the

4  Nassau County Attorney's Office.  You know, I can go look

5  on the internet.  Nassau County has a budget of more than

6  $4 billion and has the resources to adequately defend the

7  County and employees who are sued in federal court if the

8  County chooses to do so.

9          I'll note by contrast Suffolk County, which is

10  also in this courthouse all the time, and the Suffolk

11  County Attorney's Office has no problem adequately

12  representing their clients in federal court and complying

13  with court orders and meeting court deadlines.  So

14  honestly, it's up to Nassau County how it wants to

15  proceed.  I'm no longer going to entertain the excuses

16  that the Nassau County Attorney's Office is incapable or

17  unable of adequately defending their clients before me

18  and complying with court orders and court deadlines by

19  citing staffing shortages.

20          All right.  So with that, let me turn to each

21  case before me today so I can move through this

22  expeditiously for the parties and again, so we can move

23  these cases forward.

24          So let me start with *Hasper v. The County of*

25  *Nassau*, 20-cv-2349.  Can I have plaintiff's counsel come

Proceedings

1   up into the well of the court, please?

2          Oh, I'm sorry, counsel table.  Excuse me.  I

3   don't mean to be old school and have you up here in front

4   of me.  Apologies.

5          All right.  And everyone can sit.  No one needs

6   to stand for me today, folks.

7          Okay.  Who do I have here for the plaintiff in

8   the *Hasper* case?  And everyone, please, no one needs to

9   stand.  Go ahead.

10          MR. LAPINTA:  Good afternoon, your Honor.  For

11   plaintiff William Hasper, Anthony LaPinta.  And my

12   associate as well is appearing, Michael Fehringer.

13          THE COURT:  Good afternoon, gentlemen.  All

14   right.  And for Nassau County?  I think here I've got

15   represented counsel.  And please don't stand.  I don't

16   want to see anybody stand up.  Go ahead.  I know it's a

17   hard habit to break, but go ahead.

18          MR. MCENTEE:  It is, your Honor.  Good

19   afternoon.  John McEntee and Kathryn Cole of Greenberg

20   Traurig for the defendants.

21          THE COURT:  All right.  Good afternoon.  And

22   that's it for the Hasper case, right?

23          MR. LAPINTA:  Yes.

24          MR. MCENTEE:  Yes, your Honor.

25          THE COURT:  You can stand.  I'm not going to

Proceedings

1  yell at you.

2         Okay.  So the Hasper case.  All right.  So this

3  case was filed on May 26, 2020.  Over time -- I know I've

4  got the current attorneys before me today.  Over time

5  this case has had by my count four prior attorneys

6  representing the plaintiff and then prior to Greenberg

7  Traurig being retained, three prior attorneys from the

8  Nassau County Attorney's Office.

9         I saw everyone in this case on June 17, 2025 to

10  kickstart this case to conclusion.  Since then, there

11  have been multiple extensions over time.  In the current

12  schedule has fact discovery ending on January 15 and then

13  dispositive motions starting with Judge Reyes in Brooklyn

14  on January 16.

15         I've got the parties' joint status report at

16  docket entry 95 that was filed on January 5, 2026 in

17  which the parties represent that the final deposition in

18  this case is going to be conducted on January 14th or

19  15th, which is good news.  And the parties also asked for

20  an extension of the January 16th deadline to commence

21  dispositive motion practice with Judge Reyes which I'll

22  be fine with subject to timing.

23         However, the parties also indicated that

24  apparently the plaintiff is intending to withdraw certain

25  causes of action, which is easy enough to do, but then

Proceedings

1  also intends to circulate a proposed amended complaint by

2  way of stipulation.  And then subject to what's in that

3  amended complaint, then presumably there may or may not

4  be dispositive motion practice.

5        So here's the thing.  This is what I'm prepared

6  to do.  I'm certainly going to extend the deadline, a

7  reasonable date for dispositive motion practice to start

8  with Judge Reyes.  I'll certainly set a deadline for the

9  filing of a stipulation of discontinuance as to certain

10 causes of action.

11       In terms of a proposed amended complaint, so a

12 few things.  First things first.  Under Judge Reyes's

13 individual practice rules if there is a contested motion

14 to amend, that comes to me in the first instance, not to

15 Judge Reyes.  And I don't know if this is going to be

16 contested or not going to be contested.  I certainly am

17 not going to prohibit anyone from filing a motion to

18 amend.  I will certainly say that in light of the history

19 here, I am strongly disinclined to be granting a

20 contested motion to amend if it is going to further delay

21 this case.  So what I want are some hard deadlines for

22 some of these upcoming actions at least the plaintiff is

23 indicating.

24       So first things first.  Can we confirm that

25 fact that discovery is going to be completed this Friday,

Proceedings

1  the 15th?  Is that right, Mr. LaPinta?

2            MR. LAPINTA:  Yes.

3            THE COURT:  All right.  Mr. McEntee, is that

4  right?

5            MR. MCENTEE:  Confirmed, your Honor.

6            THE COURT:  Okay.  Very good.  All right.

7            Now, in terms of filing a stipulation of

8  discontinuance as to certain claims, when do you intend

9  to do that, Mr. LaPinta?

10           MR. LAPINTA:  I can do it within a week of

11 Mr. -- the final, yeah, a week.

12           THE COURT:  That's fine.

13           MR. LAPINTA:  By the 23rd.

14           THE COURT:  That's fine.  So give me a second

15 to pull up my calendar.

16           MR. LAPINTA:  Sure.

17           THE COURT:  All right.  So any stip to withdraw

18 claims by the 23rd.  Okay.

19           So why don't you tell me then, Mr. LaPinta,

20 about this proposed amended complaint and whether or not

21 you anticipate it to be contested or is this going to

22 be -- I think it referenced in your letter it may be by

23 way of stipulation.  But again, without -- I'm trying to

24 predict the future here as best I can.

25           MR. LAPINTA:  Sure.  It's merely going to be

1  the removal of certain causes of action.  So we're not

2  going to be changing any other aspect of the complaint

3  except amending two fewer causes of actions.  To that end

4  I don't believe it's going to require a motion, but

5  that's not for me to decide.  I will --

6          THE COURT:  Okay.  So Mr. McEntee, I'd assume

7  if it's just removing things, I can't imagine there's

8  going to be much of a dispute about this.

9          MR. MCENTEE:  No, it's not, Judge.

10          THE COURT:  Without seeing it, without having

11  seen it yet.

12          MR. MCENTEE:  And Judge, you know, Mr. LaPinta

13  and I, our colleagues have had discussions and the

14  thought process is to, if they can pare down things as

15  they intend to do, we probably will not proceed with

16  summary judgment.  We can just work out what the

17  pleadings will be for trial and then proceed from there.

18          THE COURT:  Okay.

19          MR. MCENTEE:  So that's the anticipation, your

20  Honor.

21          THE COURT:  Okay.  And again, that's without

22  prejudice.  I'll certainly schedule dates, but we can

23  cross that bridge if we get to it.

24          Okay.  So Mr. LaPinta, so we've got January

25  23rd, the stip to withdraw claims.  When do you

Proceedings

1   anticipate that you can presumably file an amended

2   complaint, proposed amended complaint on consent?

3           MR. LAPINTA:  Well, I'll share my proposed

4   amended complaint with Mr. McEntee as soon as possible.

5   Once he decides that there's no dispositive motions on

6   that, then I'm happy to do it right away.  I think just

7   to give it a week just so we can work it out, I'll say

8   the 30th.

9           THE COURT:  That's fine with me.

10          MR. LAPINTA:  Yep.

11          THE COURT:  That's fine with me.  And certainly

12   when you file it, just indicate with the expectation that

13   it's going to be on consent.

14          MR. LAPINTA:  Yes.  Surely.

15          THE COURT:  And then we can just sort of get

16   that clear on the docket.  Okay.  So let's then pick a

17   date for the filing of either dispositive motions with

18   Judge Reyes or a status report so we sort of know how

19   you're proceeding.  So that's presumably -- Mr. McEntee,

20   how much time do you need for that?  And since we're

21   moving this along, I'm not trying to jam you up.  I mean

22   if you need a few weeks, that's fine.

23          MR. MCENTEE:  Maybe 21 days, Judge?

24          THE COURT:  That is fine with me.  So if you're

25   getting the amended complaint on the 30th, that'll be

1  Friday the 20th of February.  Okay?

2        MR. MCENTEE:  Thank you, your Honor.

3        THE COURT:  Okay.  No problem.  Okay.  So the

4  other two things I will issue today in this case, these

5  are final deadlines, and there will be no extensions.

6  Everyone should operate that way.  I'm also, since I got

7  represented counsel from Greenberg Traurig on behalf of

8  Nassau County and the Nassau County defendants, I'm going

9  to order you, and you can consult with your Nassau County

10  Attorney colleagues in terms of ordering the transcript

11  of today's proceeding, filing it on the docket, and then

12  also ensuring that a copy of today's proceeding is

13  provided to Judge Adams at the Nassau County Attorney's

14  Office.  And I expect that all to be done by February

15  13th.  Okay?

16        Anything else in the Hasper case, Mr. LaPinta?

17        MR. LAPINTA:  I know there was a -- you just

18  set the deadline for the motion submission if necessary

19  2/20.  Should we set an opposition date and a reply date

20  as well or --

21        THE COURT:  That's going to be a Judge Reyes

22  thing.

23        MR. LAPINTA:  Okay, fine.

24        THE COURT:  Yes, that's okay.  So by the 20th

25  either dispositive motions pursuant to Judge Reyes's

1  rules, and then you all are off to the races with him.

2  Or just submit a status report and if a status report

3  is -- there are no motions, then either Judge Reyes or I

4  will issue an order in terms of sort of your next step in

5  terms of the joint pretrial order.  Okay?

6          MR. LAPINTA:  Very good.

7          THE COURT:  All right.  No problem.  Mr.

8  McEntee, anything else for today?

9          MR. MCENTEE:  No, your Honor.  Thank you very

10  much.

11          THE COURT:  Okay.  Very good.  Thank you.  All

12  right.  So I'll ask plaintiff's counsel to leave their

13  seats.  And is counsel here for the, plaintiff's counsel

14  here for the *Woodson* case?  Mr. Thompson, I know Mr.

15  Thompson was running late so --

16          MR. LAPINTA:  I haven't seen him, Judge.

17          THE COURT:  No, I know.  He had called.  Thank

18  you.  I appreciate that.  He had called chambers and said

19  he was running late with the traffic, so we will skip the

20  Woodson case and come back to it at the end.

21          All right.  So the next case that I have, if

22  I've got this right, is the *Sanchez* case.  Do I have

23  counsel here for the *Sanchez* case?

24          MR. FERNANDEZ:  Yes, your Honor.

25          THE COURT:  Yes, I do, coming in.  Okay.  So

Proceedings

the next case is *Sanchez v. The County of Nassau*, 25-cv-372. Let me just get appearances on the record. Who do I have here for the plaintiff?

MR. FERNANDEZ: Horn Wright by Pablo Fernandez, your Honor.

THE COURT: All right. Good afternoon, Mr. --

MR. FERNANDEZ: Good afternoon.

THE COURT: Good afternoon. And who do I have here for the defendant in the Sanchez case?

MR. TAHIR: Good afternoon, your Honor. My name is Mohammad Tahir. I'm here on behalf of Nassau County.

THE COURT: Okay. Oh so Mr. Tahir, you're going to be counsel in this case?

MR. TAHIR: No, I'm covering for my colleague, Nick Zotto, who had an emergency hearing he was pulled into today.

THE COURT: Where's the emergency hearing that Mr. Zotto's at today? Why don't you tell me about the emergency hearing that precluded Mr. Zotto from being present today?

MR. TAHIR: Sure, your Honor, if you could just give me one second.

THE COURT: Sure. I'll note before you answer the question, which I'm sure you'll think about

Proceedings

1  carefully, is I issued an order on November 13, 2025

2  scheduling this conference today at 12 p.m., so that was

3  two months ago.  So why don't you think for a second and

4  you can tell me what your response is in terms of why Mr.

5  Zotto, who is counsel of record on this and many other

6  cases, isn't hear today.

7          Also, Mr. Tahir, have you filed a notice of

8  appearance in this case?

9          MR. TAHIR:  I have not, your Honor.

10          THE COURT:  Okay.  All right.  We're off to a

11  flying start.  Okay.  So where's Mr. Zotto?

12          MR. DALTON:  Your Honor, if I could put my

13  appearance on the record?

14          THE COURT:  Absolutely.

15          MR. DALTON:  Steve Dalton, Deputy County

16  Attorney, Nassau County.  Mr. Zotto, if I may answer for

17  my colleague?  Is that acceptable?

18          THE COURT:  Absolutely.

19          MR. DALTON:  He's before a Nassau County Court

20  Judge on an extreme risk protective order hearing.  I

21  believe the judge is Judge Joseph Girardi.  That's where

22  he is, your Honor.

23          THE COURT:  Okay.  Any idea when that

24  conference was scheduled?  If you know.  If you don't

25  know, it's fine.

1          MR. DALTON:  I don't know.

2          THE COURT:  I only want you to answer questions

3     you know.  If you don't know the answer, you can tell me

4     you don't know the answer.

5          MR. DALTON:  I don't know the specific answer.

6     I can just tell you that I do know, having done extreme

7     risk protective orders, that they come at the spur of the

8     moment and the court schedules them in a tight window.

9     That's all the information I have, your Honor.

10          THE COURT:  Okay.  That's no problem.  I mean

11     it is a problem but in terms of why he's not here.  But

12     okay.

13          So Mr. Tahir, since you're here, are you simply

14     covering today for Mr. Zotto or are you going to be

15     replacing Mr. Zotto on this case?

16          MR. TAHIR:  I'm only covering for Mr. Zotto,

17     your Honor.

18          THE COURT:  Okay.  All right.  Well, we're

19     going to proceed nonetheless.

20          All right.  So the *Sanchez* case was filed -- so

21     I'm not going to order you to file a notice of

22     appearance, Mr. Tahir, since apparently this is just a

23     temporary proceeding but we're going to proceed

24     nonetheless and I'm issuing orders in this case.

25          All right.  So the *Sanchez* case was filed on

Proceedings

1  January 22, 2025.  This case has had a number of

2  extensions over the last year due to the Nassau County

3  Attorney's Office's well-documented failures in this

4  case.  The current schedule in this case was issued by me

5  on November 12, 2025 setting forth various extension

6  deadlines, various dates in December of 2025, and then

7  various dates that now run out through May of 2026.  And

8  obviously the December deadlines have passed.

9         I got a status report from the parties on

10  January 5th at docket entry 21.  As I read it, it appears

11  that the defendants missed their December deadlines which

12  I will note is without excuse from me.  And again, as I

13  said at the outset, my patience is really at an end with

14  the Nassau County Attorney's Office in terms of missing

15  deadlines and failing to comply with court orders.

16         So Mr. Fernandez, why don't you tell me about

17  where we are in your case?

18         MR. FERNANDEZ:  Sure, your Honor.  So defendant

19  served a Rule 26 statement and provided certain records.

20  There have been no responses to the interrogatory or the

21  document demand.  It was just simply a production of

22  inmate records.  The records produced were some of the

23  tracking, inmate tracking information, tracking movement

24  information.  There was a file labeled medical records

25  but there weren't much of medical records contained in

that. So really there was no grievance file, no

disciplinary file with respect to Mr. Sanchez. No injury

reports or incident reports regarding the incident

alleged within the complaint. And none of the policies

and procedures requested with housing designation, use of

force, and segregated housing policies and procedures.

THE COURT: Okay. Mr. Tahir, are you able to

respond to any of this?

MR. TAHIR: So far, your Honor, it is my

understanding based on what I was filled in on that we

have sent some discovery. We're waiting to send more.

We have sent discovery demands to the sheriff's

department for them to conduct a search to share anything

that's relevant. We're working towards providing

everything else that's due to the plaintiff.

THE COURT: So just so I'm clear, Mr.

Fernandez, did the defendant serve their Rule 26

statement by December 17th?

MR. FERNANDEZ: That was served on January 5th,

your Honor.

THE COURT: Okay. So that's been served albeit

late.

Did they respond to your interrogatories by

December 31st?

MR. FERNANDEZ: No, your Honor.

Proceedings

1        THE COURT:  Okay.  So they haven't responded to

2   your interrogatories.  And then the response to the

3   document demands is ongoing.  Is that fair to say?

4        MR. FERNANDEZ:  That is correct, your Honor.

5        THE COURT:  Okay.  All right.

6        MR. FERNANDEZ:  There's been no formal response

7   to the actual request.  There's just been a production of

8   certain records.

9        THE COURT:  Understood.  So there's been a

10  production but there hasn't been a formal written

11  response in terms of objections or --

12       MR. FERNANDEZ:  Correct.

13       THE COURT:  Okay.  All right.  So let's -- all

14  right.  Mr. Fernandez, in terms of the balance of the

15  November 20, 2025 schedule which has a number of dates

16  coming up in February, March, April and May, do you want

17  to keep that schedule as is right now or do you want to

18  address any changes to it in the future?

19       MR. FERNANDEZ:  Well, your Honor, that's really

20  going to be all dependent on whether or not I get

21  anything from defendants within this week or the next

22  week.  If I do, I think I can move fairly quickly as far

23  as identifying some of the John Doe's, identifying the

24  correction officers that were involved in the incident

25  and that were present that day.

1          THE COURT:  Okay.

2          MR. FERNANDEZ:  If I don't --

3          THE COURT:  Okay.  So this is what I'm going to

4     do.  I'm going to keep the schedule as is for right now

5     and if there's a need to make any adjustments, but I'm

6     going to keep a tight leash on this case.

7          All right.  So Mr. Tahir, we've got outstanding

8     responses to interrogatories and an outstanding response

9     to the document demands.  Simply just producing the

10    documents, while that's a good thing, is not sufficient.

11    I'm sure as the Nassau County Attorney's Office knows

12    full well, under the Federal Rules of Civil Procedure you

13    actually need to respond in a written format to the

14    document demands either with objections or concessions,

15    however you want to proceed.

16         So I need to set a date for those formal

17    responses.  Not knowing what Mr. Zotto's schedule is, I'm

18    certainly not setting that down for this week, but they

19    are overdue and they're overdue without any excuse or any

20    request to me which I'll note I'm simply not going to

21    tolerate this any further in terms of just deadlines

22    being missed and the Nassau County Attorney's Office just

23    assuming that I'm just going to retroactively bless this,

24    which I'm just simply not going to do anymore.

25         That being said, I'm going to give you the

Proceedings

1  benefit of the doubt here, or give Mr. Zotto the benefit

2  of the doubt here.  So I am going to order that the

3  defendants respond to the plaintiff's interrogatories by

4  January 23rd.  I'm going to direct that the defendants

5  respond to plaintiff's document demands, a formal

6  response under the Rules of Civil Procedure, by January

7  23rd.  The schedule that was previously ordered in this

8  case otherwise remains in place.

9          I'm also going to note on the record that these

10 are final deadlines and they will not be extended absent

11 a timely showing of good cause.

12         I'm also going to put on the record that the

13 parties are noticed that retroactive requests to extend

14 expired deadlines will be denied.  I think in light of

15 some of these open issues and that we've got a number of

16 upcoming deadlines here, I'm going to direct the parties

17 in this case to submit to me a joint status report by

18 February 6th just to ensure that everything's happening

19 consistent to what I expect and have ordered today.

20         I will also note this case is pending before

21 Judge Nusrat Choudhury.  Under Judge Choudhury's

22 individual practice rule and the order and also the

23 orders she issued in this case, the parties are going to

24 be required to appear before me for a settlement

25 conference before summary judgment or filing of a Daubert

1   motion.  We can cross that bridge when we get to it in

2   the future.

3           I'll also include in my minute order, as I'm

4   going to include in every minute order for all the cases

5   before me today, I'm directing defendants to order a copy

6   of this transcript, file it on the docket, and also

7   provide a copy of the transcript to Judge Adams and do

8   all that by February 13th.

9           All right.  Anything else that we can do today

10  in the *Sanchez* case, Mr. Fernandez?

11          MR. FERNANDEZ:  Nothing further, your Honor.

12          THE COURT:  All right.  Thank you.  Mr. Tahir,

13  anything else in this case?

14          MR. TAHIR:  Nothing further, your Honor.

15          THE COURT:  All right.  Thank you very much.

16  All right.  Mr. Fernandez, you can leave the court.

17          And let me turn to the next case I have up.  Is

18  plaintiff's counsel for the *Coley* case?  All right.  Come

19  on down as they would say.

20          All right.  So this next case is *Coley v. The*

21  *County of Nassau*, 25-cv-726 with Judge Seybert.  Who do I

22  have here for plaintiff?

23          MR. KLEIN:  Brett Klein for the plaintiff.

24  Good afternoon, Judge.

25          THE COURT:  Good afternoon, Mr. Klein.  And I

1  think Mr. Dalton, you're attorney of record on this case.

2  Is that right?

3         MR. DALTON:  Yes, your Honor.

4         THE COURT:  Okay.  Is Mr. Tahir also here on

5  this case or just you?

6         MR. DALTON:  Just me.

7         THE COURT:  I know he's still at counsel table.

8  I know that.  Okay.  So you're just counsel in the *Coley*

9  case.

10        All right.  So prior to today I've had one

11 prior Nassau County Attorney assigned to this case.  This

12 case was filed on February 8, 2025.  This is the initial

13 conference in that case even though it has been around --

14 pardon me.  This is the initial conference in this case

15 even though it has been around for a while.

16        I have had a chance to review the proposed

17 scheduling order which looks generally fine.  We can talk

18 about it in a minute.

19        Mr. Klein, again, I've had a chance to review

20 the complaint and the answer.  Is there anything, Mr.

21 Klein, you sort of want to share with me about the

22 substance of the case or anything procedurally that you

23 want to alert me to beyond sort the complaint and answer?

24 What are you sort of anticipating for discovery in this

25 case at this time?

1    MR. KLEIN:  Thanks, Judge.  I'm anticipating

2  disclosure of the incident reports, the personnel and

3  disciplinary records of the individual officers involved

4  after they're identified.  And I think that's going to be

5  the main thing that if they could let us go forward

6  quickly or hold us out.  There's the county's

7  identification of the individuals involved.

8        Typically, the initial disclosures are very

9  sparse and don't identify who was involved in these

10  incidents.  So hopefully after all this time they'll be

11  able to tell us who the individuals that were involved in

12  the incident.  Whether there was an Internal Affairs or

13  sheriff's investigation of this I'm not sure.  I

14  certainly have the medical records.  We're turning them

15  over as part of our disclosures.  And that's really the

16  extent of it.

17        I think we do contemplate potential expert

18  discovery both on correction practices and procedures,

19  possibly medical discovery as well.

20        THE COURT:  Okay.  I'm not limiting anyone to

21  anything right now.  I just want to get a flavor of it

22  early on.  That's helpful.  Thank you.

23        Mr. Dalton, anything you want to share in terms

24  of your expectations for the case at this time?

25        MR. DALTON:  No, your Honor.

Proceedings

1        THE COURT:  Okay.  All right.  So I have before

2  me the proposed scheduling order at docket entry 13-1.  I

3  know the parties used sort of my phase 1, phase 2

4  approach that envisions sort of an early settlement

5  conference.  I'm not going to do that in this case.  I

6  don't do that in many cases honestly.  I'm not taking it

7  out on anybody.  But usually it seems like the parties

8  need some more time to wrap their arms around cases

9  before we can just unilaterally set an early settlement

10  conference.

11        That being said, if the parties in this case

12  reach a point at any point in time you jointly think it's

13  productive to have a settlement conference with me, just

14  talk to each other, make an application and I'll get you

15  on the calendar.  Okay?

16        So in terms of the proposed schedule at docket

17  entry 13-1, I know it says here that automatic

18  disclosures were going to happen on January 12, 2026.

19  Did that happen or do I need to set a new date?

20        MR. KLEIN:  For us they'll be served today.

21        THE COURT:  Okay.  All right.  Okay.  Do you

22  anticipate meeting that date, Mr. Dalton?  It's today.

23        MR. DALTON:  No, your Honor.

24        THE COURT:  No.  Okay.  So let's pick a new

25  date for automatic disclosures.  When are you going to

1   get your automatic disclosures done in the *Coley* case?  I

2   remind you of this case has been pending since February

3   8th of 20 --

4           MR. DALTON:  Uh --

5           THE COURT:  Let me just finish.

6           MR. DALTON:  Sorry.

7           THE COURT:  This case has been pending since

8   February 8, 2025 and was served on Nassau County back I

9   believe in April or May.  So there's been a lot of delays

10  in this case.  I had a turnover in counsel, I had a pre-

11  motion conference with the judge, with the district court

12  judge that was rejected.  So when are you going to be

13  able to get me automatic disclosures pursuant to Rule

14  26(a)?

15          MR. DALTON:  Could I have the 26th, your Honor?

16          THE COURT:  Absolutely.  Of January, right?

17          MR. DALTON:  June.  No, I'm --

18          THE COURT:  No, it's not going to be that, it's

19  not going to be --

20          MR. DALTON:  No, I was --

21          THE COURT:  I know that.  I know.  It's fine.

22  So January 26.  So on going to modify -- I mean Mr.

23  Klein, you can do yours today or do them by then,

24  whatever you choose.  I'll set a new date for automatic

25  disclosures are due January 26, 2026.  I'm not setting a

Proceedings

1   preliminary discovery deadline.  I'm not going to

2   schedule a settlement conference at this time.  I will

3   approve the balance of the dates that are contained in

4   the proposed scheduling order at docket entry 13-1 on

5   page 3.

6          And as to the sort of phase 2 discovery, I'll

7   note in my minute order, as I do in my model order that

8   any motion to amend the pleading that's filed after March

9   16, 2026 will be denied absent a showing of good cause

10  consistent with the Second Circuit case of *Sacerdote*.

11  I'll include a citation to that in my minute order.

12         I will also note on the record that the parties

13  are on notice that retroactive requests to extend expired

14  deadlines will be denied.  This is the initial conference

15  but I certainly will entertain reasonable requests for

16  extensions.  While it's not a new case, it's a rather old

17  case at this point, but we're sitting here 11 months

18  later and virtually nothing has happened in the case.

19  That being said, I certainly will entertain reasonable

20  requests for extensions going forward, but I expect those

21  requests for extensions to come in before dates have

22  expired.

23         I'll also direct the parties to submit to me a

24  joint status report on March 27, 2026.  And sort of to

25  repeat myself in this case, and also it'll be in my

Proceedings

1  minute order, I'll direct the defense to order a copy of

2  the transcript of this proceeding, file it on the docket,

3  and provide a copy to Judge Adams, all of that to happen

4  by February 13th.

5       All right.  Anything else we can address in

6  this, in the *Coley* case.  Mr. Klein?

7       MR. KLEIN:  Your Honor, the deadline to amend,

8  is that a deadline to amend without leave of the Court or

9  is it for motions?

10      THE COURT:  That's just the deadline to amend.

11 I'll leave it up to you.  I mean if you want to amend

12 before then, that's fine.  If you amend later than that

13 date, you certainly are permitted to seek leave to amend

14 after that date.  It's just judged by a different

15 standard because I'm going to include the reference to

16 the *Sacerdote* case.  So it's not Rule 15, it's going to

17 be Rule 16 analysis.

18      MR. KLEIN:  I understand.  I guess my question

19 is some courts, and particularly mostly in the Brooklyn

20 courthouse, we just can amend by that date and file it

21 without a stipulation or a further order.  Some courts

22 say motions to amend due that day.  So I just wanted

23 to --

24      THE COURT:  I'll leave it up to you.  I'm not

25 going to clarify my order.  I'll sort of leave it up to

Proceedings

1  you.  You know, this is with Judge Seybert, so maybe

2  check her rules.  So I think my recollection is I think

3  anything in terms of motions to amend I believe that

4  Judge Seybert -- I handle in the first instance.  So but

5  at this point there's no motion to dismiss filed.  It's

6  just an answer, right?

7          MR. KLEIN:  That's right.  They filed what I

8  would call a frivolous motion, pre-motion letter and it

9  was --

10          THE COURT:  I don't want to get into it because

11  it's not even -- Judge Seybert dealt with that, not me.

12  Okay?  Thank you.

13          Mr. Dalton, anything else for today?

14          MR. DALTON:  No, your Honor.

15          THE COURT:  Okay.  Thank you.  All right.  Mr.

16  Klein, you can step out.  All right.

17          Our next case is *Khaykin v. Nassau County*,

18  25-cv-1149.  And I've got here for that case, who's

19  sitting down since she was in the well of the court, is

20  Amy Bellantoni.  Is that right?

21          MS. BELLANTONI:  Yes.  Good afternoon, your

22  Honor.

23          THE COURT:  All right.  Good afternoon, Ms.

24  Bellantoni.  All right.  And then in this case I've got

25  you again, Mr. Dalton.  Is that right?

Proceedings

1          MR. DALTON:  Yes, your Honor.

2          THE COURT:  All right.  Thank you.  Okay.  All

3    right.  So this case was filed on -- and let me just --

4    well, I'll get to it in a second.  This case was filed on

5    February 28, 2025.  I've got notices of appearance in the

6    case from you, Mr. Dalton, and also from Mr. Zotto.  I

7    think I need to formally -- do I need to formally remove

8    Mr. Zotto as attorney from this case?  I don't think I --

9    I know we made a request for that.  I'm not sure I

10   formally did it on the record.  Is that right?

11         MR. DALTON:  That is correct.  I don't think

12   that you formally --

13         THE COURT:  Okay.  So I know I've got your

14   notice.  So I'll issue as part of my order today, I'll

15   formally remove Mr. Zotto from this case.

16         All right.  So we've had some recent activity

17   in this case and I want to work with the parties to get a

18   clear path forward.

19         On October 28, 2020 -- and I'll note there have

20   been two prior attorneys on this case from Nassau County.

21   I had -- actually three if I get it right now.  There was

22   Ms. LaGreca was on this case, Mr. Carnevale was on this

23   case, and then also Mr. Zotto was on this case, made an

24   application a few weeks ago to remove himself from the

25   case, which I'm now granting now.  So --

Proceedings

1          MR. DALTON:  Your Honor?

2          THE COURT:  Yes, go ahead.

3          MR. JOHNSON:  I just wanted to put on the

4    record my name is Rakim Johnson, Assistant Attorney

5    General.

6          THE COURT:  I'm sorry, I apologize.  I should

7    have gotten you on that.  I'm sorry, Mr. Johnson.  And

8    just apologies.  That's my fault.  Sorry about that.  I

9    don't have many of these cases that have two different

10   defendants.  Go ahead.  Why don't you put your appearance

11   formally on the record, Mr. Johnson?

12         MR. JOHNSON:  Thank you, your Honor.  Rakim

13   Johnson, New York State Office of the Attorney General,

14   Nassau Regional Office for defendant Superintendent of

15   the New York State Police Steven James.

16         THE COURT:  Thank you, Mr. Johnson.  And again,

17   apologies for that that I missed you on this case.

18         All right.  So in this case, there was a

19   pre-motion conference with District Judge Gary Brown on

20   October 28, 2025 and at that point he ordered the filing

21   of defense briefs within 30 days and then also directed

22   plaintiff to respond by December 22nd.  The parties

23   appeared before me the same day for a conference and at

24   that point I stayed discovery pending the anticipated

25   briefing before Judge Brown.

Proceedings

1          Subsequently on, pardon me, on November 25th,

2   if I got my date right, Judge Brown granted Nassau

3   County's request to extend the deadline to file its

4   motion to December 18th.

5          Mr. Johnson, pardon me, did you file a -- do

6   you have a motion in this case or no motion?

7          MR. JOHNSON:  No, your Honor.  Defendant James

8   filed a pre-motion letter.  We held a conference on that

9   pre-motion before Judge Brown.

10          THE COURT:  Okay.  So --

11          MR. JOHNSON:  That was denied.  Subsequently,

12   the county filed -- had already had a pending motion.

13   They didn't appear at that pre-motion conference.  They

14   had a subsequent pre-motion conference at which point

15   Judge Brown ordered briefing on the county's pre-motion

16   letter.

17          THE COURT:  Got it.  So have you answered the

18   complaint at this point?

19          MR. JOHNSON:  No, your Honor.

20          THE COURT:  Okay.  All right.  Is there a

21   reason why you haven't answered it?  I wasn't at judge

22   Brown's conference so I don't know what happened there.

23          MR. JOHNSON:  Yeah.  No, the issues raised in

24   the county's letter implicated us as well in terms of the

25   prior litigation and whether the case would move forward.

Proceedings

1  So we were waiting for the briefing on that and a

2  resolution on that before we will respond.

3          THE COURT:  Okay.  Thank you.  I'll ask Ms.

4  Bellantoni about this in a minute.  Thank you.  I just

5  wanted to get that as far as the timeline I've got before

6  me here.

7          So again, as I said a moment ago, on November

8  25, 2025 Judge Brown granted Nassau County's motion to

9  extend the briefing schedule and under Judge Brown's

10 order on November 25th, Nassau County's brief was due

11 December 18th.  According to filings before me on October

12 27th Mr. Zotto sought to be replaced as counsel by Mr.

13 Carnevale.

14         And then subsequently according to court

15 filings before me Mr. Carnevale was then replaced by,

16 like in baseball, an attorney to be named later.  As of

17 November 26th, no such attorney filed a notice of

18 appearance for Nassau County, so as a result, on December

19 1st I ordered a new Nassau County Attorney to file their

20 notice of appearance by December 12th.  I'll note for the

21 record that that did not happen.

22         On November -- pardon me.  On January 5, 2026,

23 Mr. Dalton, you filed your notice of appearance on behalf

24 of the Nassau County defendants.  And again, as I said,

25 my prior order was not complied with in terms of timing

1  which sort of is apparent is not the only order in this

2  case that was not complied with.  According to the status

3  report in this case, on January 5, 2026 at docket entry

4  33, as is evident on the docket, Nassau County did not

5  file its motion to dismiss consistent with Judge Brown's

6  order by the December 18, 2025 deadline.  And as set

7  forth in the joint status report apparently, Mr. Dalton,

8  you're going to be seeking an additional 30 days to file

9  the motion to dismiss.  And I certainly note that you've

10 just filed your notice of appearance a few days ago even

11 though it was long past the deadline that I ordered.

12 That's Judge Brown's date, not mine.  So I don't have any

13 authority to extend an expired deadline that was set by

14 the district court judge.  So I lack the ability to do

15 it.  I certainly am not going to do it today.  We're

16 going to set a date for that so to ensure that that's

17 moving forward.

18       Okay.  So in this case I've got a discovery

19 stay in place right now.  Ms. Bellantoni, any thoughts on

20 how you want to proceed as we sit here today in terms of

21 discovery?  I know I've got a deadline that was missed by

22 Nassau County with Judge Brown.  I've got the state

23 defendants who are derivative of that apparently as we're

24 waiting on this for the answer.  So what are your

25 thoughts on how you want to proceed at this point?

Proceedings

1    MS. BELLANTONI:  With regard to the state, yes,

2  the answer, it's my recollection the answer is just in

3  abeyance until the motion to dismiss is decided and I

4  have no problem with that.

5        In light of the fact that this Court stayed

6  discovery, so there's really nothing before this Court,

7  and that there was no communication or request to Judge

8  Brown before the deadline for the motion to discovery,

9  I'm sorry, before the motion to dismiss was due which

10 cannot be decided today, I would just ask the Court for

11 leave to file a request for attorneys fees because as a

12 solo practitioner I've now spent, by the time I get back

13 to my office, approximately six and a half hours of my

14 day coming here when this matter could have been resolved

15 most likely on consent with an extension of time to file

16 the motion to dismiss.

17       THE COURT:  Okay.  Well, a few things.  So in

18 terms of a motion for fees, you don't need my leave for

19 that.  You can file that.  I mean I won't set a deadline

20 for it.  I'll sort of give you an opportunity to discuss

21 that with Mr. Dalton and you can decide if you want to

22 file something with me, file something with Judge Brown.

23 But certainly I'm not going to set a schedule for it.

24 You always have the opportunity to seek that at any point

25 in time.

Proceedings

```
 1          So this is what I'm thinking about doing unless
 2   anyone has an issue about it.  I'm going to keep the
 3   discovery stay in place for now, for now.  I'm going to
 4   direct that to the extent that Nassau County is going to
 5   seek to extend the expired deadline that has been set by
 6   Judge Brown, you need to make that application to Judge
 7   Brown by January 15, 2026.
 8          I'm also going to direct the parties to submit
 9   to me a joint status report by January 30, 2026 regarding
10   a discovery stay, proposed discovery schedule, whatever
11   the parties want to raise with me in a joint status
12   report.
13          Again, as I said before, I'm going to order
14   that Mr. Zotto be formally removed from the docket and
15   I'll certainly include in my minute order that to the
16   extent that plaintiff's counsel has a good faith basis to
17   seek attorneys fees, she certainly can do so at any point
18   in time that she chooses to do so either with me or Judge
19   Brown depending upon who she thinks it's most appropriate
20   to put before.
21          And then in addition, as I'm doing in all these
22   cases, I'm going to direct that the defendants order a
23   copy of the transcript of this proceeding, file it on the
24   docket, and provide a copy to Judge Adams by February 13,
25   2025.  2026, excuse me.
```

Proceedings

1          All right.  Anything else that we can

2   accomplish in this case, Ms. Bellantoni?

3          MS. BELLANTONI:  No, your Honor.

4          THE COURT:  All right.  Thank you.

5          MS. BELLANTONI:  Thank you.

6          THE COURT:  Mr. Dalton, anything else in this

7   case?

8          MR. DALTON:  No, your Honor.

9          THE COURT:  All right.  And I won't miss you

10  this time.  Mr. Johnson, anything else in this case?

11         MR. JOHNSON:  No, your Honor.

12         THE COURT:  All right.  Thank you, all, very

13  much.

14         All right.  So let me turn to the next case.

15  Do I have plaintiff's counsel here for the Santana case?

16  All right.  Come on down.  All right.  Okay.  So the next

17  case I've got here is *Lugo Santana v. Nassau County*, 25-

18  cv-2713.  Who do I have appearing for the plaintiff?

19         MR. THOMPSON:  Walter John Thompson; Thompson

20  Law, PC, 565 Fifth Avenue, New York, NY for the

21  plaintiff.  Good afternoon, your Honor.

22         THE COURT:  Good afternoon, Mr. Thompson.  And

23  Mr. Zotto has the notice of appearance in this case so

24  who is appearing in his stead today?

25         MR. TAHIR:  Good afternoon, your Honor.

Proceedings

1   Mohammad Tahir appearing on behalf of my colleague,

2   Deputy County Attorney Nick Zotto representing defendant

3   Nassau County.

4           THE COURT:  Okay.  And my understanding from

5   what we discussed earlier in the conference is Mr. Tahir,

6   you're appearing solely today for purposes of covering

7   for Mr. Zotto who is not here because he's attending

8   another proceeding in state court.  Is that right?

9           MR. TAHIR:  Yes, your Honor.

10          THE COURT:  Okay.  And you're not going to stay

11  on the case, you're just standing in for him today.  Is

12  that right?

13          MR. TAHIR:  Yes, your Honor.

14          THE COURT:  Okay.  Thank you.  All right.  So

15  in this case we conducted an initial conference in this

16  case on January 9, 2025 and we set a schedule.  Then an

17  amended complaint was filed in this case on October 31,

18  2025.  And then the parties submitted to me a proposal to

19  extend the discovery schedule that was contained in your

20  status report submitted to me on December 23, 2025 at

21  docket entry 24.

22          I granted that and we've now got new dates

23  coming up for automatic disclosures on January 16th, fact

24  discovery March 27th, conclusion and dispositive motion

25  practice by June 1st in this case.

Proceedings

1       And I will also note for the record in this

2  case there is no district court judge, it's just me since

3  you all consented to me for all purposes in this case and

4  the case I believe was previously with Judge Cogan in

5  Brooklyn.

6       All right.  So that's a recently amended

7  discovery schedule so I'm going to assume that is0 still

8  in place and there's no need for any further extensions

9  of that at this time.  Is that right, Mr. Thompson?

10       MR. THOMPSON:  That's correct, your Honor.

11       THE COURT:  Okay.

12       MR. THOMPSON:  I spoke to my office on the way

13  here and we've been exchanging paper discovery and

14  working toward setting up depositions.

15       THE COURT:  Okay.  Great.  Thank you.  Anything

16  about discovery that I need to know about?  This is

17  without prejudice to issues in the future.  Just is there

18  anything I need to be aware of today or you think I want

19  to be aware of today?

20       MR. THOMPSON:  Nothing for me to flag to the

21  Court today, your Honor.

22       THE COURT:  Okay.  Thank you.  Mr. Tahir,

23  anything -- and I know again you're standing in for Mr.

24  Zotto, but anything about this case I need to know about?

25       MR. TAHIR:  Yes, your Honor.  I would only say

1  that based on what I was told by Mr. Zotto a Rule 26

2  statement has been provided and depositions have been

3  scheduled for January 16th, January 22nd, and February

4  17th.

5          THE COURT:  Fantastic.  Thank you.  All right.

6  So based upon what's been represented to me today, I'm

7  going to confirm that the current schedule in this case

8  remains as is.  These are final deadlines and there will

9  be no extensions absent a timely showing of good cause.

10  I certainly will entertain extensions.  You just need to

11  make them on time and demonstrate a good reason for it.

12  And again, the parties are on notice that retroactive

13  requests to extend expired deadlines will be denied.

14          Since you've got a schedule here that goes out

15  several months, I'm going to set a deadline for a joint

16  status report on March 27, 2026.  And I'm going to direct

17  Nassau County to order -- pardon me.  Direct the

18  defendants to order a copy of this transcript, file it on

19  the docket, provide a copy to Judge Adams by February

20  13th.

21          All right.  Anything else we need to address

22  today in this case, Mr. Thompson?

23          MR. THOMPSON:  No, your Honor.

24          THE COURT:  All right.  Thank you.  Anything

25  else, Mr. Tahir, in this case?

Proceedings

1          MR. TAHIR:  Nothing further, your Honor.

2          THE COURT:  All right.  Thank you very much.

3    All right.  Mr. Thompson, you can step down and I'll call

4    the next case now.  Thank you.

5          MR. THOMPSON:  Okay.

6          THE COURT:  The next case I've got is *Matthews*

7    *v. Ardito*.  Do I have plaintiff's counsel here for that?

8          MR. PASSANANTE:  Yes, your Honor.

9          THE COURT:  Very good.  You can come into the

10   well of the court.  All right.  So this next case is

11   *Matthews v. Ardito*, 25-cv-3113.  And the district court

12   judge on this case is Judge Sanket Bulsara.

13         All right.  So who is here on behalf of

14   plaintiff in this case?

15         MR. PASSANANTE:  Good afternoon, your Honor.

16   It's Gustave Passanante with Harfenist Kraut & Perlstein

17   for the plaintiff.

18         THE COURT:  All right.  Good afternoon.  And I

19   think this is Mr. Zotto's case so this is you also, Mr.

20   Tahir.  Is that right?

21         MR. TAHIR:  Yes, your Honor.

22         THE COURT:  Okay.  Thank you.  All right.  So

23   this case was filed on June 4, 2025.  Prior to Mr. Zotto,

24   who is not here today, I had two previous attorneys from

25   the Nassau County Attorney's Office in this case.  I

Proceedings

1   conducted the initial conference in this case on October

2   8, 2025 and set the schedule as reflected in docket entry

3   16 which is the operative schedule at this point.

4              I also on the parties' joint application

5   approved the stipulation to unseal the criminal records

6   on November 30, 2025.  In terms of expired deadlines --

7   pardon me.  In terms of deadlines that have passed, I

8   know automatic disclosures were due to be exchanged on

9   November 10, 2025.  Did that happen, Mr. Passanante?

10             MR. PASSANANTE:  Yes, it did, your Honor.

11             THE COURT:  Both for you and for the defendant?

12             MR. PASSANANTE:  Both parties.

13             THE COURT:  Okay.  Very good.  Thank you.  All

14  right.  So why don't you -- now we've got a whole lot,

15  we've got deadlines coming up over the next few months.

16  Where are we with this case?

17             MR. PASSANANTE:  So we have two depositions

18  scheduled right now, one for February 2nd of the named

19  defendant, Mr. Ardito.  And then another officer who was

20  at the scene is currently scheduled to go on February

21  9th.

22             I've also been discussing proposed amended

23  complaint with Mr. Zotto.  That was shared with him last

24  week.  We met and conferred about two weeks ago on it, so

25  I'm still waiting to hear back as to his position with

1  respect to the proposed amended pleading.  We have until

2  January 30th to make those motions so I don't anticipate

3  the need for any extensions with respect to that

4  deadline.  And fact discovery ends I believe March 27th

5  in this case.

6         THE COURT:  That's right.

7         MR. PASSANANTE:  We seem to be on track to have

8  everything done by then so I don't anticipate the need

9  for any extension at this time, your Honor.

10        THE COURT:  Okay.  And certainly that's without

11 prejudice if something comes up in the future.  Okay.

12        MR. PASSANANTE:  Right.

13        THE COURT:  Mr. Tahir, anything on this case we

14 need to talk about?

15        MR. TAHIR:  Nothing further, your Honor.

16        THE COURT:  Okay.  All right.  So I think based

17 upon what I've heard today I'm going to confirm on the

18 record that the previous schedule that I set at docket

19 entry 16 remains in place.  Those are final deadlines and

20 will not be extended absent a timely showing of good

21 cause.  Certainly if the parties need more time, talk to

22 each other, make an application.  I'll certainly

23 entertain reasonable applications.

24        And again, I'll also note that the parties are

25 on notice that retroactive requests to extend expired

1   deadlines will be denied.  I'll also direct the parties

2   to submit to me a joint status report by March 27, 2026.

3   I'll also note this case is with Judge Bulsara and Judge

4   Bulsara has an individual practice rule that the parties

5   need to appear before me for a settlement conference, a

6   mandatory settlement conference, before filing any motion

7   for summary judgment.  We don't need to deal with that

8   today.  It may be something we'll just deal with in the

9   future.  But I just wanted to ensure, since that's a

10  relatively new practice rule that Judge Bulsara has, at

11  least the parties sort of heard it from me.

12          I'll also direct the defendant to order the

13  transcript of this proceeding and file it on the docket

14  in this case and provide a copy to Judge Adams by

15  February 13, 2026.

16          All right.  Anything else --

17          MR. TAHIR:  Your Honor?

18          THE COURT:  Of course.  I was going to give

19  everyone a chance.  Go ahead.

20          MR. TAHIR:  I apologize.

21          THE COURT:  It's okay.

22          MR. TAHIR:  Would the Court mind repeating the

23  deadline for the joint status report?

24          THE COURT:  Sure, March 27th.  And it also be

25  in my minute order.  I was trying to keep it simple for

Proceedings

1  all these conferences to make it March 27th for

2  everything.  I think for one or two of them I had earlier

3  dates because it seems like there's some things I need to

4  talk about sooner.  But you all are on track with this.

5          But again, this is at any point in time no

6  one's precluded from filing anything with me before March

7  27th.  I've done that in other cases.  I'm not doing that

8  here.

9          Okay.  Anything else that we need to talk about

10  in this case, Mr. Passanante?

11          MR. PASSANANTE:  Nothing further from me, your

12  Honor.

13          THE COURT:  All right.  Thank you.  Mr. Tahir,

14  anything else in this case?

15          MR. TAHIR:  Nothing further, your Honor.

16          THE COURT:  Okay.  Thank you very much.  All

17  right.  Let me turn to the next case.  Is counsel here

18  for *Broyles v. County of Nassau*?

19          MR. FERNANDEZ:  Yes, your Honor.

20          THE COURT:  All right.  Oh, I should have done

21  you twice.  Sorry, Mr. Fernandez.

22          MR. FERNANDEZ:  It's quite all right, your

23  Honor.

24          THE COURT:  All right.  Okay.  It's in

25  chronological order.  I don't want to play favorites.

Proceedings

1      All right.  So the next case is *Broyles v. The*
2  *County of Nassau*, 25-cv-3553.  This is assigned to Judge
3  Brown.  And plaintiff's counsel in this case is Pablo
4  Fernandez.  Is that right?
5           MR. FERNANDEZ:  Yes, your Honor.
6           THE COURT:  Okay.  Very good.  This is also a
7  case that Mr. Zotto is currently assigned to.  So Mr.
8  Tahir, are you covering for this case today?
9           MR. TAHIR:  Yes, your Honor.
10          THE COURT:  Okay.  All right.  Okay.  So this
11 case was filed on June 25, 2025.  Prior to Mr. Zotto, I
12 had two previous attorneys presumably associated with the
13 Nassau County Attorney's Office on this case.  I
14 conducted an initial conference in this case on October
15 16, 2025.  And in that court appearance, defendants were
16 purportedly represented by an individual named Matthew
17 Klopman, K-L-O-P-M-A-N, who had not yet filed a notice of
18 appearance.  Mr. Klopman had represented to me in court
19 that he was going to be the attorney from Nassau County
20 Attorney's Office representing the defendant's going
21 forward.  Unlike today where Mr. Tahir is here just
22 stepping in and just covering, Mr. Klopman had indicated
23 that he was going to be the attorney on the case going
24 forward.  I set a schedule in the case that day as
25 reflected in docket entry 14.

Proceedings

1          Less than two weeks later on October 29, 2025 I

2    issued the following order that stated as follows.  On

3    October 16, 2025 Victoria LaGreca, formerly employed with

4    the Nassau County Attorney's Office, NCAO, filed a motion

5    to withdraw as counsel for the Nassau County defendants.

6    Ms. LaGreca's motion to withdraw at docket entry 13 is

7    granted.  Attorney Victoria LaGreca is terminated.

8          On October 16, 2025, the Court conducted an

9    initial conference and the Nassau County defendants were

10   represented by Matthew Klopman of the NCAO even though

11   Mr. Klopman had not yet filed a notice of appearance.

12   And that was reflected at docket entry 14.

13         Less than two weeks later, another NCAO

14   attorney, John Carnevale, informally advised the

15   undersigned orally at an initial conference in another

16   case that Mr. Klopman was no longer employed by the

17   Nassau County Attorney's Office.  The Court notes the

18   only current NCAO employee that's filed a notice of

19   appearance in this case is Nicholas Zotto.

20         All right.  So that's sort of where we were.

21   I've got a joint status report in this case that was

22   filed on January 5, 2026 at docket entry 16 providing me

23   with an update on the status of the schedule.  It

24   reflects that there has been progress in this case but it

25   also notes that there apparently may be some deadlines

Proceedings

1  that have been missed by the Nassau County Attorney's

2  Office in this case which was the schedule I set at

3  docket entry 14.

4         So Mr. Fernandez, why don't you tell me where

5  we are in this case?

6         MR. FERNANDEZ:  Sure, your Honor.  So

7  defendants on the 18th, December 18th, provided their

8  Rule 26 statement.  And then on January 9th --

9         THE COURT:  And I'll note for the record, let

10 me just interrupt for a second, they provided that to you

11 on December 18th?

12        MR. FERNANDEZ:  Yes, your Honor.

13        THE COURT:  All right.  So they had been due on

14 October 31, 2025 and no application has ever been made to

15 me to permit that delay.  So go ahead.

16        MR. FERNANDEZ:  Sure.  On January 9th -- well,

17 I'll back up a little.

18        THE COURT:  Go ahead.  Take your time.

19        MR. FERNANDEZ:  Plaintiff served interrogatory

20 demands, document demands, a notice for a 30(b)(6)

21 witness deposition back in December 4, 2025.

22        On January 9th defendant served responses to

23 the document requests and interrogatories and produced

24 certain records.

25        Again, similarly as in my other case, the

1    documents that were produced related to the -- well, they

2    produced a copy of the notice claim plaintiff served, the

3    complaint in this matter.  And then again, plaintiff's

4    booking card, facility tracking information, and the

5    discharge form.

6          And I would note also that the discovery, the

7    interrogatory responses, the majority, not all, the

8    responses are that a request for further information has

9    been made to the facility and that results, if any, will

10    be furnished to plaintiff at a later time.

11          Of particular concern here is that one of the

12    plaintiff's interrogatories requested the name, shield

13    number, essentially the identity of any corrections

14    officers present during the incident or that were working

15    that day.  And the response to that was essentially that

16    the defendants are not in possession of any information

17    that will identify the individuals.

18          THE COURT:  They don't have it at this time?

19          MR. FERNANDEZ:  Correct.

20          THE COURT:  So they're trying to get it.  Okay.

21    I understand.  Okay.  Anything else?  So I know your

22    deadline -- I presume you want that information in terms

23    of the amended pleading deadline on January 26th.

24          MR. FERNANDEZ:  That's correct, your Honor.

25          THE COURT:  Okay.  All right.  Mr. Tahir, any

1  updates you can share on this case?

2      MR. TAHIR:  Yes, your Honor.  As the Court

3  mentioned earlier, attorneys LaGreca and attorney Klopman

4  is no longer with the Nassau County Attorney's Office and

5  attorney John Carnevale is transferred to a different

6  bureau.  So as of right now attorney Zotto is on the

7  case.  And we have sent the discovery responses to the

8  sheriff department and we're just waiting on them to get

9  back to us and as soon as they do, we will forward the

10  responses over to counsel.

11      THE COURT:  Okay.  Well, I'm going to want

12  this -- I mean I'm going to set an early status report

13  date so I just ensure that this is all moving forward

14  expeditiously.  So this is what I'm going to do at this

15  time.

16      First things first, I've got a February 5th, on

17  this calendar I've got a February 5, 2026 status

18  conference.  I'm going to cancel that for now since I'm

19  seeing you today.  However, I am going to direct the

20  parties to submit to me a joint status report by February

21  6, 2026 since there's a lot of activity.  This is like

22  the same date as in your other case, Mr. Fernandez.

23      I'm going to confirm that the current schedule

24  in place in this case at docket entry 14 remains in place

25  at this time with the exception that I'm going to extend

Proceedings

1  the deadline for amended pleadings at this time to

2  February 20, 2026.  And certainly if you've gotten those

3  documents by then, Mr. Fernandez, and hopefully you can

4  accomplish your motion to them by then, if not, you

5  certainly can make an application and we can extend that

6  deadline further.  Okay?

7          MR. FERNANDEZ:  Thank you, your Honor.

8          THE COURT:  Okay.  So again, current schedule

9  remains in place with the exception that I'm going to

10  extend the deadline to amend the pleadings to February

11  20th.  I want a joint status report by February 6th.  And

12  I'm going to cancel the February 5th status conference.

13  These are all final deadlines and there will be no

14  extensions absent a timely showing of good cause.  And

15  again, it goes without saying, you can ask for it.  Just

16  make sure that it is reasonable.  And I always grant

17  reasonable extensions for extensions of deadlines which

18  may be appropriate in this case.  But again, the parties

19  are on notice that retroactive requests to extend expired

20  deadlines, it's going to be denied.

21          And again in this case, as in the others, I'm

22  directing the defendants to order the transcript, file it

23  on the docket, and provide a copy to Judge Adams by

24  February 13th of this year.

25          All right.  Anything else in this case, Mr.

Proceedings

1  Fernandez?

2        MR. FERNANDEZ:  Nothing from plaintiff, your

3  Honor.  Thank you.

4        THE COURT:  All right.  Thank you.  Mr. Tahir,

5  anything else in this case?

6        MR. TAHIR:  Nothing further, your Honor.

7        THE COURT:  All right.  Thank you.  All right.

8        So the next case, and I've got one more person

9  in court, but I'm going to deal with the person who's

10  been on the phone first.  So the next case is *Keyes v.*

11  *The County of Nassau*, 25-cv-5193.  I have on the phone --

12  why don't I get the notice of appearance on the phone

13  from Mr. Sivin who has been very polite and patient and

14  waiting.  So let me get a notice of appearance on the

15  record.

16        MR. SIVIN:  Good afternoon, your Honor.  Edward

17  Sivin for plaintiff.

18        THE COURT:  All right.  Good afternoon, Mr.

19  Sivin.  All right.  So this case was filed -- and Mr.

20  Sivin, if for some reason you can't hear me, just say so

21  and I'll speak up.  Okay?

22        MR. SIVIN:  Okay.  And thank you for allowing

23  me to appear by telephone, Judge.  I really appreciate

24  it.

25        THE COURT:  All right.  That's no problem.  And

Proceedings

1  I guess I'll also thank you in advance for your patience
2  in waiting for us to get to you later than originally had
3  been scheduled.  But as you can hear, there were a number
4  of older cases on the calendar before I could get to you.
5          Okay.  And then on this case, Mr. Dalton,
6  you're here on this case.  Is that right?
7          MR. DALTON:  Yes, your Honor.
8          THE COURT:  Okay.  Thank you.  All right.  I'll
9  note this case was filed on September 16, 2025.  I had
10  prior to you, Mr. Dalton, I had one other attorney from
11  Nassau County.  I believe, Mr. Dalton, while I know
12  you've had filings in the case, I don't see a notice of
13  appearance in this case for you.  Maybe I missed it but
14  please file a notice of appearance, okay?
15          MR. DALTON:  Absolutely, your Honor.
16          THE COURT:  I know you will.
17          MR. DALTON:  I'm sorry.  If it's not up there,
18  it will be.
19          THE COURT:  It's all right.  I know you're on
20  the case because I know there's been an answer and then
21  also I know you're indicated in the proposed scheduling
22  order.  So no harm, no foul.
23          All right.  So I know this is the initial
24  conference.  The proposed schedule looks genuinely fine
25  to me.  We'll get to it in a second.  I've read the

1   complaint and the answer.  I understand the basics of

2   this alleged malicious prosecution case and other issues.

3   Is there anything in particular, Mr. Sivin, that you want

4   to share with me at this point about the case?  I'll also

5   note, we'll get to it in a minute, that this case is

6   randomly assigned to me under the direct assignment

7   program in the district.  So at this moment you don't

8   have a district court judge.  We'll talk about the

9   process to get you all a district court judge in a

10  minute.

11          But before we get to all that housekeeping,

12  anything in particular you want to share with me about

13  the case as you're sort of envisioning this going forward

14  and any current expectations for discovery that you

15  think's relevant to the proposed plan?

16          MR. SIVIN:  Nothing that I think would inform

17  the Court's decision on a proposed scheduling order.

18          THE COURT:  Okay.  Thank you.  Mr. Dalton,

19  anything that you want to talk about before I get into

20  the proposed schedule?

21          MR. DALTON:  No, your Honor.

22          THE COURT:  Okay.  Thank you.  All right.  So

23  the proposed schedule at docket entry 13 looks genuinely

24  fine to me.  I know the parties followed my phase 1,

25  phase 2 approach in terms of a preliminary discovery date

Proceedings

1   and early settlement conference.  I'm not going to order

2   that at this point in time.  I think the parties probably

3   need a little more work on this before we can have a

4   productive settlement discussion about any potential

5   settlement.  But again, that's certainly without

6   prejudice to at any point in time that the parties

7   jointly think it would be productive to have a settlement

8   conference with me.  Just talk to each other and then

9   make an application.  I'll certainly get you onto the

10  calendar.

11         But the balance of the dates in docket entry 13

12  I am going to approve.  So I'll approve the automatic

13  disclosure date of January 31, 2026.  And I'll also

14  approve all of the so-called phase 2 discovery dates as

15  reflected on page 4 at docket entry 13.  I'll also

16  include in my minute order that any motion to amend the

17  pleadings filed after May 30, 2026 will be denied absent

18  showing of good cause consistent with the Second Circuit

19  case in *Sacerdote* and I'll include a citation to that in

20  my minute order.

21         I know this is the initial conference in this

22  case so certainly if the parties need any reasonable

23  extensions of the deadline that were issued today, just

24  talk to each other and just make a joint application to

25  me and I always entertain and I almost always grant

1  reasonable extensions to extend deadlines especially the

2  first time.  But that being said, the parties are on

3  notice that retroactive requests to extend expired

4  deadlines are going to be denied.

5       Since we've got a schedule here that goes out

6  several months, I'll include in my minute order that the

7  parties shall file a joint status report on March 27,

8  2026.  I will direct the defendant to order a copy of

9  this transcript, file it on the docket and provide a copy

10  to Judge Adams, all of that by February 13, 2026.

11       As I said at the outset, this case was randomly

12  assigned to me at this time as the only judge consistent

13  with the district's direct assignment program.  That's

14  not a mandatory program.  The parties have to jointly

15  agree to opt into it, otherwise a district court judge is

16  assigned to the case.  I know the parties indicated in

17  their proposed scheduling order that they do not

18  unanimously consent to me for all purposes.

19       As a matter of housekeeping, the court, not

20  this Court, but the court generally now requires that the

21  parties execute an additional form confirming whether

22  they consent or do not consent and that could be found on

23  the court website.  We'll include that information for

24  the parties in my minute order.

25       So since this is a direct assignment case, I

1  will direct the parties to file either a magistrate

2  consent form if they had a change of heart, which is okay

3  one way or another, or a direct assignment acknowledgment

4  form which in essence says the parties do not jointly

5  consent which is fine.  There's no prejudice to one side

6  or the other side or both sides if you don't consent.

7  And I'm going to include in my minute order that that

8  paperwork needs to be filed one way or another by January

9  20, 2026.  Once that paperwork comes in, assuming

10 hypothetically the parties continue to not jointly

11 consent, which again is not a problem and is without

12 prejudice to anybody, at that point in time I'll direct

13 the clerk of the court to assign a district court judge

14 to the case.  I'll remain on the case as the magistrate

15 judge.  And absent any surprises, my order will remain in

16 place.

17         Okay.  Anything else that we need to talk about

18 in this case, Mr. Sivin?

19         MR. SIVIN:  Not for me, Judge.  Thank you.

20         THE COURT:  All right.  Thank you.  Mr. Dalton,

21 anything else in this case?

22         MR. DALTON:  Not on this case specifically,

23 your Honor.  I think this is the last one left.  I think

24 your last one is going to be with my colleague.

25         I just wanted to say notwithstanding your

1 frustration with the Nassau County Attorney's Office, the

2 message that you are sending on all these cases will be

3 relayed to the office.  And I thank you for not taking it

4 out too hard on the two county attorneys who are present

5 today.  I really appreciate that.

6            THE COURT:  That's all fine.  And again, I

7 guess two things.

8            One, I'll also put in my minute order for you

9 to file a notice of appearance in this case, I'll put

10 that in too.  And I'm quite confident that you both will

11 sort of besides sharing the transcript ultimately with

12 Judge Adams and other folks in the Nassau County

13 Attorney's Office, I'm quite sure that you'll share with

14 them both sort of my concerns about this which I'm sure I

15 know they are aware of.

16            And I'm sure you'll also share with them that I

17 didn't take any of that frustration out on either the two

18 of you which I'm quite sure in the last few months your

19 predecessors on many of these case, Ms. LaGreca, Mr.

20 Carnevale, and also Mr. Zotto who's just temporarily not

21 here, I'm sure they also had shared with your colleagues

22 in the Nassau County Attorney's Office that I didn't take

23 sort of my frustration with the Nassau County Attorney's

24 Office out on them in large part because the cases were

25 moving forward.  Just I want to make sure that that's

Proceedings

1  going to continue to happen because I had the conference

2  last June.  I had Judge Adams here.  And I've had a

3  conference today where I took the extraordinary step in

4  my mind of conferencing nine cases all at the same time

5  which is burdensome for me and burdensome for the

6  parties.  And I certainly have no interest in having to

7  do this again.  And I'm sure the folks from the Nassau

8  County Attorney's Office are not going to be interested

9  in another conference where we have to have nine people,

10  nine separate cases conferenced.  But I appreciate all

11  that.

12            All right.  With that, Mr. Sivin, let me let

13  you go.  Thank you for your patience in --

14            MR. SIVIN:  Thank you,  Judge.

15            THE COURT:  -- waiting for us to get to you.

16  And I'm going to call the final case now.  Okay?  So you

17  can sign off if you choose to do so.  Thank you.

18            MR. SIVIN:  Okay.  Thank you.  Have a good day,

19  everyone.

20            THE COURT:  Thank you.  All right.  So let me

21  go back now and call what I believe is the final case,

22  unless I've got somebody else who's here.

23            Do I have counsel now here for -- I know I do.

24  You should have said something.  I spaced out.  All

25  right.  Mr. Thompson, you're here on Woodson also, right?

Proceedings

1        MR. THOMPSON:  Yes, your Honor.

2        THE COURT:  And also Mr. Sansone.  Thank you,

3   gentlemen.

4        MR. SANSONE:  Yes, your Honor.

5        THE COURT:  Okay.  All right.  So the next and

6   final case that I've got on is now *Woodson v. Nassau*

7   *County Corrections* and other defendants.  This is at 23-

8   cv-6647.  This case was filed on September 5, 2023.

9        I'll do the notices of appearances.  So I've

10  got for plaintiff's counsel, for plaintiff I now have

11  Walter Thompson.  Good afternoon, Mr. Thompson.

12       MR. THOMPSON:  Good afternoon, your Honor.

13       THE COURT:  And I'll note that previously your

14  client, Mr. Woodson, was proceeding pro se really for

15  most of the time in this case.  That's right?

16       MR. THOMPSON:  That's correct, your Honor.

17       THE COURT:  Okay.  All right.  And then I've

18  got for Dr. Henig -- well, I am going to let you do

19  notice of appearance.  All right.  I've got Alexander

20  Sansone here.  Mr. Sansone, who do you represent in this

21  case?

22       MR. SANSONE:  I have Dr. Henig in the case,

23  your Honor.

24       THE COURT:  All right.

25       MR. SANSONE:  And the Nassau University Medical

Proceedings

1  Center.

2          THE COURT:  All right.  Good afternoon, Mr.

3  Sansone.

4          MR. SANSONE:  Good afternoon, your Honor.

5          THE COURT:  And then this is Mr. Zotto is

6  assigned to this case.  So Mr. Tahir, are you appearing

7  today on behalf of Mr. Zotto?

8          MR. TAHIR:  Yes, your Honor.

9          THE COURT:  Okay.  Thank you.  All right.  I'll

10  note that again, as I said before, this case was filed in

11  September of 2023 and the district court judge in this

12  case is Judge Joan Azrack.

13          The plaintiff in this case was originally pro

14  se, pro se for most of the time until I believe, just

15  looking through the lengthy docket here.  Mr. Thompson,

16  you came into this case on September 5, 2025.  And then

17  also prior to Mr. Zotto, I had two other attorneys from

18  the Nassau County Attorney's Office on this case both for

19  him.

20          All right.  So we've got obviously a number of

21  delays in this case over time, but I'm confident that we

22  can get it sort of moving forward to the next step before

23  Judge Azrack.  The operative schedule in the case at this

24  point is what I ordered, the parties' proposed schedule

25  at docket entry 162 which I approved in my order on

1   February 4, 2025 where we have a number of dates coming

2   up in this case starting in February and going out into

3   the spring.

4           I've got the parties' joint status report at

5   docket entry 164.  It was filed on January 5, 2026 and it

6   seems to indicate that we are moving forward.  Anything

7   we need to talk about about discovery in this case, Mr.

8   Thompson?

9           MR. THOMPSON:  Not at this time, your Honor.

10  It seems to be proceeding smoothly now that we're getting

11  our arms around it.

12          I had a conversation with Mr. Sansone outside.

13  There was one small medical record we're looking for

14  which was the intake medical report for Mr. Woodson when

15  he was initially incarcerated.  He's promised to get me

16  that.  Excuse me for being a little hoarse.

17          Also, I don't mean to correct the Court, but I

18  think, your Honor, you just misspoke when you said your

19  order of February 4th.  I think you meant to say December

20  4th.

21          THE COURT:  I'm sure I did.  As I say, if

22  that's the first time I --

23          MR. THOMPSON:  Because then you jumped to

24  February, yeah, so --

25          THE COURT:  If that's the first time I misspoke

1 today, I'll give myself a gold star.

2 So yes, the order approving the schedule was

3 December 4, 2025. Thank you for correcting that mistake.

4 All right. Thank you.

5 Mr. Sansone, since your name was mentioned,

6 anything you want to add in terms of where we are in

7 terms of discovery or anything else in this case?

8 MR. SANSONE: No, your Honor.

9 THE COURT: All right. Thank you.

10 MR. SANSONE: I've had discussions with Mr.

11 Thompson. I can foresee discovery moving along. The

12 record that he makes reference to was previously provided

13 to his client. I will provide it again. Not a problem.

14 THE COURT: Okay. Thank you. I appreciate

15 that. All right.

16 Mr. Tahir, anything else we need to talk about

17 in this case?

18 MR. TAHIR: No, your Honor.

19 THE COURT: Okay. All right. So based upon

20 what I've heard today, I will, in my minute order, I will

21 confirm on the record that the December 4, 2025 schedule

22 remains in place. These are final deadlines and there'll

23 be no extensions absent a timely showing of good cause.

24 I certainly know, Mr. Thompson, you are new to

25 the case and I certainly will entertain reasonable

Proceedings

1  requests for extensions when they come up but I am eager
2  to, I'm sure as your client is, and I'm sure you are, and
3  I'm sure all the parties are, I am eager to move this
4  case forward.  There have been a lot of -- well,
5  certainly there have been a lot of different changes on
6  the defense side of this case over time.  There are
7  certainly a number of delays on the defense side in this
8  case.  Your client was proceeding pro se.  I'm glad he's
9  been able to retain you as counsel so we can move it
10 forward.
11          So again, I'm sure everyone's eager to move
12 this one forward.  But again, I know you're new so I
13 certainly will entertain reasonable requests for
14 extensions.  But I know I'm eager to move this forward
15 and I'm sure Judge Azrack is too.
16          Also I'll note that the parties are on notice
17 that retroactive requests to extend expired deadlines
18 will be denied.  I'll direct the parties to submit to me
19 a joint status report by March 27, 2026.  And again in
20 this case, as I did in the other cases, I am going to
21 direct the defendants to order a copy of this transcript,
22 file it on the docket, and provide a copy to Judge Adams
23 by February 13th.
24          All right.  Anything else that we need to
25 address in this case, Mr. Thompson?

Proceedings

1          MR. THOMPSON:  No, your Honor.

2          THE COURT:  All right.  Thank you.  Mr. Tahir,

3   anything else in this case?

4          MR. TAHIR:  Yes, your Honor.  Off the record, I

5   was wondering if I could approach to speak to you about

6   something else?

7          THE COURT:  Absolutely.  Is it about this case

8   or about something else?

9          MR. TAHIR:  Something totally not relevant to

10  this case or any of the cases we discussed today.

11         THE COURT:  Okay.  So let me just then go to

12  Mr. Sansone for a second.  Mr. Sansone, anything else?

13         MR. SANSONE:  There's nothing else, your Honor.

14  I'm assuming the service of today's docket is a county

15  service.  You made reference to the --

16         THE COURT:  Yes, yes, yes, the county.

17         MR. SANSONE:  I have nothing further, your

18  Honor.  Thank you.

19         THE COURT:  Okay.  Thank you.  Before I let you

20  all go, why don't I -- Mr. Tahir, why don't you come up,

21  come up to sidebar.  I don't want to let you all go and

22  find out it's something I need to raise with you all.

23  Okay?

24         MR. SANSONE:  Yes, sir.

25                     (Off the record)

Proceedings

1          THE COURT:  ...the record.  Has no impact on
2    any of my orders in this case or any of the other cases.
3          All right.  So I think with that I think we are
4    concluded with the final case of *Woodson v. Nassau*
5    *County*, 23-cv-6647 and we are concluded with all of the
6    cases for today.  Thank you all for being here in court.
7    Everyone safe travels home.
8          Again, as I said, we'll issue separate minute
9    orders on all of the conferences today that will include
10   all the various dates that we've talked about.  And I'll
11   also include in each of the minute orders a direction
12   that the defendant Nassau County either represented by
13   Greenberg Traurig or by the folks in the Nassau County
14   Attorney's Office make sure that they order a copy of the
15   transcript of today's proceeding and then ensure that it
16   is filed on the docket in each of these cases and that it
17   also is provided to Judge Adams, all of that to occur by
18   February 13th.
19         Okay.  Nothing else for today.  Everyone, thank
20   you all very much and have a good rest of the day and
21   we're adjourned.  Thank you.
22                   (Matter concluded)
23                        -oOo-
24
25

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **15th** day of **January**, 2026.

*Mary Greco*

Transcriptions Plus II, Inc.